## TRUMBULL COUNTY BOARD OF COMMISSIONERS, Plaintiff– Appellant,

v.

## VILLAGE OF LORDSTOWN, OHIO; City of Warren, Ohio, Defendants– Appellees.

No. 14–3866.

United States Court of Appeals, Sixth Circuit.

Argued: July 30, 2015.

Decided and Filed: Feb. 2, 2016.

**ARGUED:** Stephen N. Haughey, Frost Brown Todd LLC, Cincinnati, Ohio, for Appellants. Matthew G. Vansuch, Harrington, Hoppe & Mitchell, Ltd., Warren, Ohio, for Appellee Village of Lordstown. Thomas J. Wilson, Comstock, Springer & Wilson, Co., LPA, Youngstown, Ohio, for Appellee City of Warren. **ON BRIEF:** Stephen N. Haughey, Thaddeus H. Driscoll, Frost Brown Todd LLC, Cincinnati, Ohio, for Appellants. Matthew G. Vansuch, Harrington, Hoppe & Mitchell, Ltd., Warren, Ohio, for Appellee Village of Lordstown. Thomas J. Wilson, Comstock, Springer & Wilson, Co., LPA, Youngstown, Ohio, for Appellee City of Warren.

Before: BATCHELDER, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, J., delivered the opinion of the court in which BATCHELDER, J., joined. ROGERS, J. (pg. 228), delivered a separate dissenting opinion.

## OPINION

KETHLEDGE, Circuit Judge.

Trumbull County has provided sewer service to General Motors' Lordstown Assembly Plant since 1964. In the mid–2000s, the County borrowed $3.4 million from the U.S. Department of Agriculture to maintain and improve the County's sewer lines. That loan obligation triggered the protections of a Kennedy-era statute, 7 U.S.C. § 1926(b), under which sewer providers that owe money to the Department are protected from competition with other sewer providers. The County invokes that statute here, claiming that the Village of Lordstown violated § 1926(b) when the

Village built sewer lines that could one day serve GM's Lordstown Plant. (The County added the City of Warren as a defendant because the City operates and maintains the Village's lines.) The district court granted summary judgment to the defendants, holding on the merits that the Village's mere construction of sewer lines did not curtail or limit the County's service in violation of the statute. We agree with that reasoning but decide the case on standing grounds.

Standing contains three elements, one of which is that "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent[.]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks, citations, and footnote omitted). As an initial matter, protection from competition normally is not a legally protected interest. *See id.* at 578, 112 S.Ct. 2130. But § 1926(b) does provide temporary protection along those lines. Specifically, the statute provides that, during the term of a loan by the Department of Agriculture to a sewer provider, the provider's service "shall not be curtailed or limited" by competition with another provider. Here, the County still owes $3.3 million to the Department. At present, therefore, § 1926(b) affords the County a legally protected interest in freedom from competition. *See Hardin v. Kentucky Utilities Co.*, 390 U.S. 1, 5–6, 88 S.Ct. 651, 19 L.Ed.2d 787 (1968).

But that does not mean the County has shown any actual or imminent *invasion* of that interest. A plaintiff must establish standing "in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at successive stages of the litigation." *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130. Here the district court decided the case at the summary-judgment stage, so the County must present evidence creating a genuine issue that the defendants "curtailed or limited" the County's service, or threaten to do so sometime soon. (We recognize that this issue is nearly identical to the merits issue decided by the district court. Sometimes in no-injury cases the merits and standing issues look the same. But standing is jurisdictional, and so we begin there.)

The relevant evidence is undisputed. The Village built sewer lines to extend sewer (as opposed to only septic) service to the Village's east side. The Village also built sewer lines to serve a trailer park adjacent to the GM plant. And the line to the trailer park is large enough to handle all of the sewage from the GM plant. That said, the Village has not provided sewer service to GM or any other customer serviced by the County. In that respect this case is different from *Hardin:* there, as here, the plaintiff claimed that a federal statute protected it from competition with the defendant; but there the defendant had already begun servicing the plaintiff's customers. *See* 390 U.S. at 5, 88 S.Ct. 651. We have nothing of the sort here—no curtailment or limitation of any kind—which means the County cannot show any actual invasion of an interest protected by § 1926(b).

Nor is any such invasion imminent. Sewer lines can last for decades, so the mere fact of their construction does not show that the Village intends to compete with the County anytime soon. And the protections of § 1926(b) are temporary: once the County pays off its federal loan, the Village is free to compete with the County all it likes. Nor does the statute bar the Village from preparing to compete with the County. The core problem with the County's claim is that § 1926(b) pro-

228

tects the County from competition only for a limited time. And the County lacks evidence that the Village intends to compete with the County during that time, rather than after it. The County lacks any actual or imminent injury, therefore, to the interests protected by § 1926(b). The sewage flows as it ever did.

The district court's judgment is vacated, and the case remanded with instructions to dismiss for want of jurisdiction.

ROGERS, Circuit Judge, dissenting.

If a neighbor increases the risk to your property, e.g., by removing a floodwall, you have standing to challenge the removal, even if the flood is not impending and indeed may never occur. This is not to say that you have a legal right to keep the neighbor from removing the floodwall— that is a merits issue. But if you did have a legal right to keep the neighbor from removing the floodwall, or if Congress gave you such a legal right, you could prevail and there would be little question that you would have a case or controversy under Article III. By winning the suit, you would preserve the present value of your property, not to mention the mental peace of not having to worry as much about that once-in-a-century flood.

For similar reasons, this case should be decided on the merits. The plaintiff by winning would obtain insurance against a costly albeit uncertain hit to its tax base, the very possibility of which would at some level immediately reduce confidence in the long-term financial health of the county. This gives the county Article III standing. However, for the reasons given in the majority opinion, the county's claim fails on the merits. Lordstown has not done anything that is precluded by 7 U.S.C. § 1926(b).

This case is not like *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). There would be an analogy to *Lujan* if the flood could not reach your property, or if Lordstown's sewer lines could not foreseeably be used to reduce the county's tax base.